UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **YVETTE MYERS BEAUDEAUX** | * | **CIVIL ACTION NO.: 2:12-CV-1182** |
| | * | |
| **VERSUS** | * | **JUDGE MINALDI** |
| | * | |
| **HOME DEPOT U.S.A., INC.** | * | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Remand filed by the plaintiff, Yvette Myers Beaudeaux. Doc. 11. For the reasons discussed herein, plaintiff's motion is DENIED.

*Background*

The plaintiff filed suit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana on October 3, 2011. She named Home Depot U.S.A., Inc. ("Home Depot") as the sole defendant in this case. Her petition seeks damages for injuries allegedly sustained when she slipped and fell while entering a Home Depot store on September 3, 2012. Doc. 1, Att. 2. Home Depot removed the action to this court on May 8, 2012. They assert that this court has jurisdiction on the basis of diversity. Doc. 1.

Ms. Beaudeaux filed a Motion to Remand on September 4, 2012. Doc. 11. Attached to the motion is a stipulation by Beaudeaux that the value of her claim does not exceed the sum of $75,000. Doc. 11, Att. 1. She contends that this stipulation divests this court of subject matter jurisdiction because it is legally certain that the amount in controversy does not exceed the jurisdictional amount, exclusive of interest and costs. Doc. 11, Att. 2.

*Law and Analysis*

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts

have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

The parties do not dispute the existence of complete diversity among the parties. Ms. Beaudeaux was domiciled in the State of Louisiana both at the time of removal and at the time the case was filed. Home Depot was a Delaware corporation with its principal place of business in the State of Georgia both at the time of removal and at the time the case was filed. Doc. 1. The parties, however, are in dispute as to whether the jurisdictional amount in controversy is satisfied.

Louisiana law forbids plaintiffs in state courts from pleading a specific numerical value of damages. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing La. Code Civ. Proc. art. 893). Therefore, when a case originally filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Id.* (citing *Lucket v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). A defendant may meet this burden by either: (1) showing that it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, or (2) setting forth facts in its removal petition that support a finding of the requisite amount in controversy. *Id.*

Even if defendant meets this burden, remand is still proper if the plaintiff demonstrates that it is legally certain that its recovery will not exceed the jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). Plaintiffs may meet this burden by filing a pre-removal binding stipulation, or affidavit, affirmatively renouncing their right to accept a judgment in excess of $75,000.00. *Id.* at 1412 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam). Post-removal affidavits or stipulations do not deprive the district

court of jurisdiction, and they are not to be considered in support of remand unless the amount in controversy is ambiguous at the time of removal. *Gebbia*, 233 F.3d at 883.

The court first considers whether it is facially apparent that Notice of Removal states a claim for damages in excess of $75,000.

Ms. Beaudeaux's petition maintains that she suffered "severe and disabling injuries to her head, back, neck, right shoulder, right arm/hand, and stomach." Moreover, for damages she prays for recovery of six categories of losses: (1) loss of enjoyment of life, (2) physical pain and suffering, past, present, and future, (3) medical expenses from date of injury to present, (4) future medical expenses, (5) travel expenses for obtaining medical treatment, and (6) any other items of damages unknown to plaintiff at the time of filing. Doc. 1, Att. 2.

The allegations in this case are comparable to those in *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). The court held that the district court lacked subject matter jurisdiction because allegations of injury were unspecific and the amounts expended as a result of the injury were unidentified. *Id.* at 850-51. Thus, the undersigned concludes that it is not facially apparent from the petition that the judicial amount in controversy satisfies the jurisdiction requirement.

This finding does not end the inquiry, however, as Home Depot has alleged additional facts in support of finding jurisdiction. Home Depot identifies a number of interrogatory answers and medical documents in support. Ms. Beaudeaux's responses to interrogatories indicated that she tore a hernia in her stomach and suffers from back pain and headaches. Doc. 1, Att. 1; Doc. 13, Att. 1. Her document production to Home Depot contained medical records which reveal she is under continuous treatment for lumbar strain with nerve root irritation, radiculopathy, decreased memory, dizziness, headaches, and paresthesia in both feet. Additional

records indicate that Beaudeaux suffers from chronic sciatica and headaches.  Doc. 1, Att. 1; Doc. 13, Att. 2.

Beaudeaux disputes Home Depot's argument that the facts support a finding that the judicial amount in controversy exceeds the jurisdictional amount and notes the following:

> The medical records relied upon by the defendant to support its allegation of subject matter jurisdiction do not indicate a need for surgery.  The plaintiff has not made an allegation for lost wages or loss of earning capacity.  There has been no loss of consortium claims made by anyone.

Doc. 15, pp. 2-3.  The court is not persuaded that the absence of certain damages and the lack of need for surgery detract from the allegations and facts that are presented.  The petition alleges that Ms. Beaudeaux suffers from "severe and debilitating" injuries, and she sustained these injuries to multiple parts of her body.  Moreover, her medical records and interrogatory answers indicate that these injuries caused her great suffering from the time of the accident through the time the case was removed—over eight months in duration.  Home Depot also performed a quantum study of this case and concluded that the damages could well exceed the jurisdictional threshold.[1]  Ms. Beaudeaux has not undertaken to rebut Home Depot's conclusion.

Home Depot attached the deposition of Ms. Beaudeaux to their response to the Motion to Remand.  The undersigned finds that this deposition provides additional clarity given the level of ambiguity previously discussed.  *See Daffern v. State Auto Property & Cas. Ins. Co.*, CIV.A. 10-1211, 2011 WL 1085664, *4 (W.D. La. Mar. 18, 2011) (noting the court may consider additional evidence regarding the amount in controversy if the amount is ambiguous).  Ms. Beaudeaux's deposition is revealing in a number of respects.  First, the court notes that she has seen no less than eight (8) doctors regarding the alleged injuries she has suffered as a result of the alleged

---

[1] Doc. 1, Att. 1, p. 2 (citing *Brandao v. Wal-Mart Stores, Inc.*, 35,368 (La. App. 2 Cir. 12/19/01), 803 So. 2d 1039; *Knabel v. Lewis*, 2000-1464 (La. App. 1 Cir. 9/28/01), 809 So. 2d 314; *Vinet v. Estate of Calix*, 03-572 (La. App. 5 Cir. 10/28/03), 860 So. 2d 160; *Lenard v. State Farm Mut. Auto. Ins. Co.*, 39,580 (La. App. 2 Cir. 4/20/05), 900 So. 2d 322; *Taylor v. Tulane Med. Ctr.*, 98-1967 (La. App. 4 Cir. 11/24/99), 751 So. 2d 949).

accident.[2]  Several of the physicians, most notably neurologist Dr. Dumitru, are specialists in their respective field.  Second, Ms. Beaudeaux has made three (3) separate visits to three (3) separate hospitals in connection with her fall.[3]  Third, she has received a number of diagnostic tests and procedures, including two (2) x-ray examinations, a nerve conduction study, at least one (1) round of physical therapy, and a CAT scan.  These doctor visits, hospital visits, and procedures are by no means inexpensive.

Ultimately, the question this court must answer is whether the allegations of the petition and these additional facts demonstrate that the *claim* for damages exceeds the jurisdictional amount.  The inquiry is not whether Ms. Beaudeaux is likely to recover this amount if the case proceeds to trial or whether other plaintiffs similarly situated have recovered in excess of the jurisdictional amount.  The total medical expenses incurred to date are not in the present record; however, the court is comfortable in concluding that given the sheer volume of medical treatment incurred to date and given the plaintiff's request in her petition for damages for future medical treatment and travel expenses, her claim for damages more likely than not exceeds $75,000.  Home Depot has proven, by a preponderance of the evidence, that the jurisdictional amount in controversy is satisfied.

Ms. Beaudeaux stipulates post-removal that the Plaintiff's damages will not exceed the jurisdictional amount.  This court considers the post-removal stipulation insofar as the exact dollar amount in controversy is ambiguous.  *See Gebbia*, 233 F.3d at 883.

The stipulation attached to the motion to remand reads, in its entirety, as follows: "It is hereby stipulated by the plaintiff, YVETTE MYERS BEAUDEAUX, through undersigned counsel, that the value of her claim does not exceed the sum of $75,000, exclusive of interest and

---

[2] The physicians include a Dr. Benipal, Dr. Bernauer, Dr. Gunderson, Dr. Pike, Dr. Bordlee, Dr. Dumitru, Dr. Seale, and Dr. Ledet.
[3] The hospitals include Christus St. Patrick, West Cal-Cam, and Lake Charles Memorial.

costs." Doc. 11, Att. 1. The stipulation does not affirmatively renounce the right to collect damages in excess of the jurisdictional amount nor does it remotely clear up the ambiguity. As such, it does not provide the legal certainty necessary to entitle Ms. Beaudeaux to remand.

Plaintiff cites to three cases regarding her damages stipulation in support of her motion to remand. None of these cases, however, entitle Ms. Beaudeaux to the relief she requests.

She first points to *Doran v. Allstate Ins. Co.*, No. 06-cv-2107, 2007 WL 2028187 (W.D. La. 7/12/07), for the proposition that remand is appropriate "simply upon the allegations of the plaintiff in [a] post-removal affidavit." Doc. 15, p. 3. However, that case made clear that the "post-removal stipulation or affidavit should be considered only to the extent that it clarifies an ambiguous complaint." *Doran*, 2007 WL 2028187 at *2. The *Doran* court remanded the case because the plaintiff "renounce[d] his right to damages in excess of $75,000." *Id.* Here, plaintiff's affidavit does not renounce any potential award of damages in excess of the jurisdictional amount.

Ms. Beaudeaux also argues that remand is proper per *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999), wherein a post-removal affidavit was considered by the court and where the defendant did not allege many categories of damages. Doc. 15, p. 3. Plaintiff misreads *Simon*. The court was not presented with a post-removal affidavit whatsoever. Moreover, the removing defendant failed to allege *any* categories of damages. *Simon* does not stand for the broad proposition that remand is required when certain categories of damages are not claimed.

Lastly, Ms. Beaudeaux points to *Fix v. Capital One Financial Corp.*, No. 6:08-cv-1657, 2008 WL 5395763 (W.D. La. 12/23/08). However, this case merely stands for the proposition that an affidavit *may* be considered in the event that the amount in controversy is ambiguous. *Id.* at *2. The affidavit at issue in *Fix* did not divest the court of jurisdiction. The court considered

the information contained therein only as evidence weighing against a finding that the removing defendants had satisfied their burden of proof.  *Id.*  As previously discussed the affidavit in this case is useless.

### *Conclusion*

It is not facially apparent from the state court petition that the judicial amount in controversy exceeds $75,000.  However, the court finds, by a preponderance of the evidence, that Home Depot has made a sufficient factual showing in its Notice of Removal that the judicial amount in controversy satisfies the jurisdictional requirement.  While the actual damages figure is ambiguous, the court finds that Ms. Beaudeaux's stipulation regarding the value of her damages fails to clarify the ambiguity in any meaningful way.

For the reasons discussed herein, this court has subject matter jurisdiction on the basis of diversity as the judicial amount in controversy exceeds $75,000, exclusive of interest and costs.  Accordingly, Beaudeaux's motion is DENIED.

THUS DONE this 19th day of October, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE